### (G) Required Full Payment

On the 5th Payment Change Date and on each succeeding 5th Payment Change Date thereafter, I will begin paying the Full Payment as my monthly payment until my monthly payment changes again. I will also begin paying the Full Payment as my monthly payment on the final Payment Change Date.

### 4. NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will contain the interest rate or rates applicable to my loan for each month since the prior notice or, for the first notice, since the date of this Note. The notice will also include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

### B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Uniform Covenant 18 of the Security Instrument is amended to read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

ALTA-NEG-40YR-1/1-08     0000402537

VMP-840R (0008)     Page 4 of 5     Initials: _____     Form 3112 1/01

Case: 09-10655  Doc# 22-3  Filed: 05/22/09  Entered: 05/22/09 15:13:08  Page 1 of 13

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)  _____ (Seal)
Gerard Q. Decker IV        -Borrower                            -Borrower

_____ (Seal)  _____ (Seal)
                           -Borrower                            -Borrower

_____ (Seal)  _____ (Seal)
                           -Borrower                            -Borrower

_____ (Seal)  _____ (Seal)
                           -Borrower                            -Borrower

*[Sign Original Only]*

ALTA-NEG-40YR-1/1-03                                    0000402537

VMP-840R (0008)            Page 5 of 5                  Form 3112 1/01

# 1-4 FAMILY RIDER
(Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 14th day of September, 2005, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to Paul Financial, LLC

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at: 2030 Paradise Drive, Tiburon, CA, 94920

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to the Property described in the Security Instrument, the following items now or hereafter attached to the Property to the extent they are fixtures are added to the Property description, and shall also constitute the Property covered by the Security Instrument: building materials, appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the Property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the Property covered by the Security Instrument. All of the foregoing together with the Property described in the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

ALTA-NEG-40YR-1/1-08                                              0000402537

MULTISTATE 1-4 FAMILY RIDER - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3170 1/01

VMP-57R (0401).01
Page 1 of 3    Initials: [signature]
VMP Mortgage Solutions
(800)521-7291

E. "BORROWER'S RIGHT TO REINSTATE" DELETED. Section 19 is deleted.

F. BORROWER'S OCCUPANCY. Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

G. ASSIGNMENT OF LEASES. Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION. Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

I. CROSS-DEFAULT PROVISION. Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

ALTA-NEG-40YR-1/1-08　　　　　　　　　　　　　　　　　　　　　0000402537

Initials: _____

VMP-57R (0401).01　　　　　　　　Page 2 of 3　　　　　　　　Form 3170 1/01

Case: 09-10655   Doc# 22-3   Filed: 05/22/09   Entered: 05/22/09 15:13:08   Page 4 of 13

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)    _____ (Seal)
Gerard Q. Decker IV    -Borrower                              -Borrower

_____ (Seal)    _____ (Seal)
                       -Borrower                              -Borrower

_____ (Seal)    _____ (Seal)
                       -Borrower                              -Borrower

_____ (Seal)    _____ (Seal)
                       -Borrower                              -Borrower

ALTA-NEG-40YR-1/1-08                                  0000402537

VMP-57R (0401).01           Page 3 of 3            Form 3170 1/01

Case: 09-10655    Doc# 22-3    Filed: 05/22/09    Entered: 05/22/09 15:13:08    Page 5 of 13

After Recording Return to:
OneWest Bank, FSB
7700 W. Parmer Lane, Building D
Austin, TX 78729

Reference No.: _____

**Reference Number(s) of Documents assigned or released:** 2005-0072239

**Grantor:** Mortgage Electronic Registration Systems, Inc. solely as nominee for Paul Financial, LLC

**Grantee:** OneWest Bank F.S.B.

**Abbreviated Legal Description:** _____

**Assessor's Property Tax Parcel/Account Number(s):** 059 172 41

## Assignment of Deed of Trust

For Value Received the undersigned hereby grants, conveys, assigns and transfers to OneWest Bank F.S.B., whose address is c/o OneWest Bank, FSB, 7700 W. Parmer Lane, Building D, Austin, TX 78729, its interest under that certain Deed of Trust, dated September 14, 2005 executed by Gerard Q. Decker IV, an Unmarried Man, Grantor, to Mortgage Electronic Registration Systems, Inc. solely as nominee for Paul Financial, LLC, Grantee, and recorded on September 21, 2005, as 2005-0072239, Records of Marin County, California, describing land therein as:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

Together with the Note or Notes therein described or referred to, the money due and to become due therein with interest, and all rights accrued or to accrue under said Deed of Trust

Dated May 7, 2009

Mortgage Electronic Registration Systems, Inc.
solely as nominee for Paul Financial, LLC

BY: _____
Roger Stotts       Vice President
**Name**             **Title**

State of ___Texas___ )
                              ) ss.
County of ___Williamson___ )

On ___5-7-09___, before me, the undersigned, a Notary Public in and for the State of ___Texas___ duly commissioned and sworn, personally appeared ___Roger Stotts___, to me known to be the ___Vice President___ of ___MERS___ acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he/she is authorized to execute the said instrument and that the seal affixed is the corporate seal of said corporation.

___Mai T__.
Notary Public in and for the State of ___Tx___,
residing at: ___Williamson___
My Commission expires: ___6-15-2011___

MAI LA THAO
Notary Public, State of Texas
My Commission Expires
June 15, 2011

EXHIBIT "4"

1. The total indebtedness due and owing under the Note and Deed of Trust as of May 14, 2009 is:

| | |
|---|---:|
| Principal Balance: | $ 1,603.390.85 |
| Interest Accrued | $ 160,528.94 |
| Escrow | $ 31,199.36 |
| Total Fees: | $ 1,363.50 |
| Late Charges: | $ 4,933.40 |
| **TOTAL:** | $ **1,800,716.05** |

2. The total delinquency due and owing under the Note and Deed of Trust as of May 14, 2009 is:

| | |
|---|---:|
| Monthly Payments (12/1/2007-9/1/2008 at $11,533.93 each) | $ 115,339.30 |
| Monthly Payment (10/1/2008 at $11,825.60) | $ 11,825.60 |
| Monthly Payments (11/1/2008-12/1/2008 at $9,749.60 each) | $ 19,499.20 |
| Monthly Payments (1/1/2009-3/1/2009 at $9,888.05 each) | $ 29,664.15 |
| Monthly Payments (4/1/2009-5/1/2009 at $9,596.38 each) | $ 19,192.76 |
| Late Charges: | $ 6,084.96 |
| Fees: | $ 40.50 |
| **TOTAL:** | $ **201,646.47** |

3. An additional payment of $9,596.38 will come due on the 1st day of June, 2009, and the 1st day of each month thereafter.

B6A (Official Form 6A) (12/07)

In re  **GERARD Q. DECKER IV**  ,                                    Case No. _____
           Debtor                                                                                          (If known)

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 2030 PARADISE DRIVE TIBURON, CA. 94920 | OWNER | | 2,800,000.00 | 1,761,540.04 |
| | | | | 40,000.00(2ND-TD) |
| | | Total▶ | 2,800,000.00 | |

(Report also on Summary of Schedules.)

Case: 09-10655   Doc# 22-3   Filed: 05/22/09   Entered: 05/22/09 15:13:08   Page 9 of 13

B 6D (Official Form 6D) (12/07)

In re  GERARD Q. DECKER IV          ,          Case No. _____
           Debtor                                                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 3001982929 INDYMAC FEDERAL 7700 W. PALMER, BLDG D AUSTIN, TX 78729 | | | 9-21-2005 MORTGAGE DUPLEX RESIDENCE VALUE $ 2,800,000.00 | | | | 1,761,540.00 | |
| ACCOUNT NO. 4010118257 QUANTUM SERVICING BOX 2160 HUNTINGTON, CN 06484 | | | 9-25-2005 EQUITY LINE VALUE $ | | | | 40,000.00 | |
| ACCOUNT NO. | | | VALUE $ | | | | | |
| ____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ 1,801,540.00 | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |



# FieldExpertPlus 2055™
POWERED BY APPLIED ANALYTICS

**LENDER PROCESSING SERVICES**

HQ Number  27346390

Loan Number  3001982929
Client Project ID  FE_PLUS

### Client Contact Info
Client:  INDYMAC BANK
Attention:  CHAMBERS-DAWSON, CYNTHIA
Branch:  INDYMAC (FORECLOSURE)
Fax/Email:  Cynthia.Chambers-Dawson@imb.com

### Client Provided Loan Information
Loan #  3001982929
Borrower:  DECKER IV, GERARD

### VALUATION SUMMARY

| | | | |
|---|---|---|---|
| Reconciled Value: | $1,850,000 | As of: | 11/24/2008 |
| 2055 Value: | $1,950,000 | Variance: | 14.7% |
| BPO Value: | $1,700,000 | Deferred Maintenance: $0 | Senior Appraiser Reviewed: Yes |

**Reconciliation Comments:**

The subject is located in Tiburon, a higher end market within Marin County. The subject is an average quality home built on down sloping lot. The construction is typical of this market that tries to take in the SF Bay views. Home values are significantly impacted by the quality of the view. The BPO identifies the subject as a two unit building. The appraisal describes an SFR with accessory unit.

The appraisal has provided a single family home, duplex and triplex as sales comparable. Two listings are provided but vary in price to the point they offer little to the analysis. The appraisal gives most weight to comparable two in the appraisal, the only duplex. The adjustments appear to be reasonable for the market area and price range.

The BPO has utilized three sales and three listings. The sales very significantly with each other and the subject. Sales 1 and 2 are duplexes and 3 is a fourplex much larger than the subject. Sales 2-3 are dated and would not be representative of the current market. Based on the wide range of sales/list prices and dated closes, the BPO would not be considered reliable.

Neither analysis is ideal. However, the appraisal has utilized more current data with comparables 2-3 having bay front locations. This analysis would reconcile...

### 2030 PARADISE DRIVE, TIBURON, CA 94920




# BROKER PRICE OPINION

## Subject Property Information

| Field | Value | Field | Value |
|---|---|---|---|
| Address: | 2030 PARADISE DRIVE | State/Zip: | CA 94920 |
| City: | TIBURON | Subject Property type: | Multi Family Dwelling (2-4 Unit) Building |
| Borrower/Owner: | DECKER IV, GERARD | If vacant, is subject secured? | Yes |
| Is subject vacant?: | No | Estimated deferred maintenance costs: | $0 |
| Condition/Curb Appeal: | Good   Good | | |
| Subject currently listed? | No   Listed in last 12 months? No | Listing Date: N/A | Listing Price: $0 |
| Has subject transferred in last 12 months? | Yes | Sale Date: 09/30/1996 | Sale Price: $925,000 |

## Neighborhood Information

| Field | Value | Field | Value |
|---|---|---|---|
| Location: | Urban | Marketing time for neighborhood: | 90 |
| Pride of ownership: | Average | Neighborhood Demand/Supply: | Oversupply |
| Neighborhood price range: | $180,000 - $2,500,000 | Neighborhood Trend: | Depreciating |

## Comparable Listings

| | Subject | Listing 1 | Listing 2 | Listing 3 |
|---|---|---|---|---|
| Address | 2030 PARADISE DRIVE | 1828 Centro West A & B st | 22 Circle Dr | 2430 Paradise Dr |
| Days on Market | N/A | 64 | 94 | 14 |
| List Price | $0 | $1,295,000 | $2,295,000 | $2,595,000 |
| Original List Price | $0 | $1,295,000 | $2,295,000 | $2,595,000 |
| Distance (miles) | N/A | 0.08 | 0.08 | 0.08 |
| Site Size (acres) | 0.23 | 0.17 | 0.38 | 0.1 |
| View | Yes | No | No | Yes |
| Age | 31 | 53 | 45 | 27 |
| Condition | Good | Average | Average | Average |
| Square Footage | 2200 | 1684 | 3600 | 1800 |
| Bedrooms | 4 | 2 | 3 | 3 |
| Bathrooms | 2 | 1 | 2.5 | 2 |
| Garage/Pool | 1   No | 1   No | 0   No | 0   No |
| Basement | None | None | None | None |

## Comparable Sales

| | Subject | Sale 1 | Sale 2 | Sale 3 |
|---|---|---|---|---|
| Address | 2030 PARADISE DRIVE | 22 Racoon Ln | 1824 W Centro West St | 26 Circle Dr |
| Days on Market | N/A | 126 | 161 | 173 |
| List Price | $0 | $1,275,000 | $1,150,000 | $1,895,000 |
| Sale Price/Date | | $1,215,000   May-2008 | $1,025,000   Oct-2007 | $1,810,000   Jul-2007 |
| Distance (miles) | N/A | 0.08 | 0.08 | 0.08 |
| Site Size (acres) | 0.23 | 0.19 | 2.18 | 0.29 |
| View | Yes | Partial | Partial | Yes |
| Age | 31 | 46 | 44 | 46 |
| Condition | Good | Good | Good | Good |
| Square Footage | 2200 | 2200 | 3160 | 3200 |
| Bedrooms | 4 | 4 | 5 | 8 |
| Bathrooms | 2 | 2 | 3 | 8 |
| Garage/Pool | 1   No | 0   No | 0   No | 0   No |
| Basement | None | None | None | None |

## Broker Comp Comments

Comments regarding the comparability of listings to the subject specifically addressing their overall similarity (equal/superior/inferior)

Listing #1: 'Old town ' Location. Upgraded, side by side units. Mature garden and yard fenced and irrigated. Just blocks to ferry.
Listing #2: Fully upgraded building. Very good rental history. Total of 4 units.
Listing #3: Remodeled units with unobstructed views of Angel Island and the bay. Second unit in building is larger.

Sale #1: Side by side duplex in Old Town Tiburon. Views of Bay, view deck, rear patio and separate washer/dryer room.
Sale #2: Duplex in old town. One unit has 3 bedroom 2 bath and the other one is 2 bedroom/ one bath.
Sale #3: Fourplex with views of bay. each unit has 2 bedroom/ 2 bath

## Broker Value Opinion

| | | | |
|---|---|---|---|
| Quick Sale Value "As Is": | $1,496,000 | Quick Sale Value "As Repaired": | $1,496,000 |
| Normal Market Sale Value "As Is": | $1,700,000 | Normal Market Sale Value "As Repaired": | $1,700,000 |


### Additional Broker Comments

Many homes with panoramic views of bay and mountains. Easy access to freeway. Very few shopping areas nearby and gets foggy. Nice area in Marin county with views of bay and mountains. The subject is a 2 unit multi family residence. The subject's sq. footage was estimated due to incomplete data. The subject and property appear maintained and in good condition. No deferred maintenance noted at time of inspection. The subject's market area is declining at this time. There is an oversupply of listings available on the market. Not many sales have taken place in the last 6 months. Due to limited sales activity at the time of inspection it was necessary to expand the search back 12 months and utilize several comparables varying in lot size, age, and/or sq. footage. The comps provided are the most recent sale and listings in the closest proximity to the subject. A wide range of pricing for the comparables was unavoidable in order to present a full illustration of the subject's marketplace. The most applicable of these comps are represented by the core majority, which are attributed most weight in the reconciliation. The comps provided are the best available and most similar to the subject at the time of inspection. A wide range of pricing for the comparables was unavoidable in order to present a full illustration of the subject's marketplace.

### Comparable Location Map



### Subject Property Satellite Image



LPS BPO℠ offers a value opinion derived from analyses of local market data and subject property information. Comparable market data for the area is provided by a local Real Estate Broker. Information on the subject property is obtained via MLS, county records, personal files, or it may be provided to LPS Applied Analytics by the client. In some cases, information on the subject property may be limited or unavailable. In these instances, the information is provided by the Real Estate Professional's exterior physical inspection of the subject.