ORIGINAL

FILED
2009 SEP 28 PM 12: 19

U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SANTA ROSA, CA.

GERARD Q. DECKER, IV
2030 Paradise Drive
Tiburon, CA 94920
Telephone: (415) 435-5900
Facsimile: (415) 435-5900
Email: marinproperties@aol.com

GERARD Q. DECKER, IV
aka ROD DECKER
Chapter 7 Debtor,
In Pro Se

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SANTA ROSA DIVISION

| | |
|---|---|
| In re GERARD Q. DECKER, IV aka ROD DECKER, <br><br> Debtor. | Case No. 09-10655 AJ <br> Chapter 7 Order No. 129) <br><br> Date: October 23, 2009 <br> Time: 10:00 a.m <br> Place: Bankruptcy Court <br> 99 South E Street <br> Santa Rosa, CA |

**DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REINSTATEMENT OF AUTOMATIC STAY AS TO SECURED CREDITOR ONE WEST BANK FSB**

---

Debtor's Memorandum of Points and Authorities in Support of Motion - 1

## REMEDIES SOUGHT

It is the purpose of this motion to reinstate the automatic stay that was lifted by this court in an order dated June 12, 2009, a copy of which can be found as Exhibit G in support of this motion. That order lifting the automatic stay gave secured creditor One West Bank FSB ('the bank") authority to conduct foreclosure proceedings to enforce its secured claim against the debtor's duplex property in Tiburon, California. As will be explained below, the bank never informed this court, and never informed the debtor, the Chapter 7 trustee, or the counsel for the Chapter 7 trustee that what the bank really intended to do was to complete a foreclosure sale that was scheduled to take place one day after the commencement of this Chapter 7 case.

Instead, the bank misled this court and the other parties in interest into believing that the bank would carry out a fully noticed foreclosure proceeding, including the recording of a notice of default and the recording of a notice of sale, all of which taken together would have given the trustee sufficient time to market this property and to extract from it its full value.

A second remedy the debtor seeks in this motion is to enjoin the state court, which in this case is the Marin County Superior Court, from carrying out any eviction proceedings against the debtor. Until such time as the bank properly complies with this court's relief from stay order and carries out a full measure of foreclosure proceedings, the bank is not entitled to sell this property at foreclosure sale and the bank is not permitted to evict the debtor, or to allow a third party to purchaser the property and to evict the debtor from these premises.

There is a third remedy available to the debtor, namely, a claim for monetary damages against the bank. At the present time the debtor is not seeking these monetary damages, but he is reserving his right to do so, therefore this motion is without prejudice to the debtor in some subsequent proceeding to seek from the bank whatever appropriate damages may be available for violation of the automatic stay as alleged in this motion.

## SUMMARY OF FACTS AND PROCEDURE

The salient facts and procedure are set forth in detail in the debtor's supporting declaration, and are also contained in the exhibits presented in support of this motion. They need not be repeated here.

Suffice it to say, as indicated above, it is the debtor's basic contention that in essence the bank violated the automatic stay provisions of 11 U.S.C. §362 by not properly informing the court and the trustee as to its true intentions with respect to the pending foreclosure proceedings at the time the bank filed its motion for relief from stay.

The evidence presented in this motion establishes the following facts which the debtor believes are undisputed.

A. On March 16, 2009 the debtor filed this Chapter 7 petition, pro se.

B. On April 16, 2009 the meeting of creditors took place as scheduled.

C. On or about May 22, 2009 the bank filed a motion for relief from stay and in that motion the bank asked this court to grant relief from the automatic stay to allow the bank "to enforce its rights and remedies under its Note and Deed of Trust." Nothing in the bank's motion papers indicated that the bank intended to conduct a foreclosure sale immediately after the relief from stay motion was granted.

D. On June 11, 2009 this court conducted a hearing on the bank's motion, and the following day it granted the motion and in its order the court stated that the bank was permitted "to proceed immediately with foreclosure proceedings under the Note and Deed of Trust." Again nothing was stated at the hearing that the bank intended to conduct a foreclosure sale as soon as the stay was lifted..

E. A week later a real estate sales person by the name of Peg Copple prepared and sent to the Chapter 7 trustee a Residential Listing Agreement. A month later, the trustee signed the Residential Listing Agreement and gave the green light to this real estate person to market the property.

F. Two weeks later the debtor, and the real estate sales person, learned for the

1 first time that the bank had sold the property at a foreclosure sale and that a new owner, Karen Griggi and her husband, had purchased the property at the foreclosure sale.

G. In subsequent emails, the Chapter 7 trustee and his attorney indicated that they had no knowledge of this foreclosure sale and that they were just as surprised as the debtor and the real estate agent that the bank had conducted a foreclosure sale.

H. When the bank's attorneys were asked in subsequent correspondence to explain their action, counsel for the bank stated, "Although our motion for relief from stay and the accompanying declaration were not models of clarity on whether the notice of default had been recorded, we certainly were not trying to mislead anyone. This is especially true given that our cover sheet listed the recording date for the Notice of Default." This appears to be a tacit concession that the bank and its counsel indeed had mislead the court.

I. Finally, and most importantly, the sale price that was paid at the foreclosure sale, $1 million, is grossly inadequate. The Residential Listing Agreement for this property called for a price of $2.8 million, and even if ultimately a lesser amount was obtained, there would be still sufficient funds to pay the bank in full, and all of the other creditors, and the costs of the administration for this Chapter 7 case, leaving for the debtor a sizable surplus that he desperately needs in order to find a new place to live and to obtain a fresh start. As explained in the moving papers, right now the debtor's income is limited to Social Security benefits of less than $1,000 per month.

**INHERENT AUTHORITY OF THE COURT**

Under the law of this circuit, a bankruptcy court retains subject matter jurisdiction to interpret its own orders, particularly when a case is still pending. [*Doolittle v. County of Santa Cruz, et al.*, 346 B.R. 806, 809 (North Dist. CA Bkrupt. 2006); *Beneficial Trust Deeds, et al. v. Franklin*, 802 F.2d 324, 326-327 (9th Cir. 1986), which was followed in

the case of *In Re Taylor,* 884 F.2d 478, 481 (9th Cir. 1989).

### ACTS IN VIOLATION OF AUTOMATIC STAY ARE "VOID"

The Ninth Circuit follows the majority view in holding that acts in violation of the automatic stay are ***void*** (not merely voidable). [*In Re Schwartz,* 954 F.2d 569, 571-572 (9th Cir. 1992); *In Re Gruntz,* 202 F.3d 1074, 1081-1082 (9th Cir. 2000).]

Plain speaking, this means that if a violation of the automatic stay occurred in this case, the foreclosure sale that took place a month ago was void, not voidable, and therefore the sale can be set aside by an appropriate order of this court.

### CONCLUSION

The debtor contends that if a secured creditor such as the bank intends to resume foreclosure proceedings, it must spell out exactly what proceedings it intends, and if it intends to simply complete a foreclosure sale that pending when the petition was filed, that intention should be disclosed to the bankruptcy court so that the debtor and the Chapter 7 trustee have sufficient time to make other arrangements, such as selling the property for a higher price than would be obtained at a foreclosure sale.

In this case, it is beyond any reasonable dispute, and indeed the bank's attorneys have conceded as much, that the bank misled this court, the debtor, Chapter 7 trustee and the counsel for the Chapter 7 trustee as to what the bank's intentions were with respect to its motion for relief from stay. For that reason, the resulting foreclosure sale is void and should be determined as such by this court.

Respectfully submitted,

Dated: September 28, 2009

Gerard Q. Decker, IV
Chapter 7 Debtor,
In Pro Se