JOHN G. WARNER (CA State Bar No. 046123)
Law Office of John G. Warner
21 Tamal Vista Blvd., Suite 196
Corte Madera, CA 94925
Telephone (415) 924-2640
Facsimile(415) 927-0608
email : warnerwest@aol.com

Attorney for Debtor,
Gerard Q. Decker, IV

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re GERARD Q. DECKER, IV aka ROD DECKER,<br><br>Debtor. | Case No. 09-10655 AJ<br><br>Chapter 7<br><br>Date: October 23, 2009<br>Time: 10:00 a.m<br>Place: Bankruptcy Court<br>       99 South E Street<br>       Santa Rosa, CA |

**DEBTOR'S *SUPPLEMENTAL* MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REINSTATEMENT OF AUTOMATIC STAY AS TO SECURED CREDITOR ONE WEST BANK FSB**

**ACTS IN VIOLATION OF STAY ARE *VOID***

In her opposition to this motion, the real party in interest, Karen Griggi, argues that no points and authorities have been cited by the debtor in support of this motion. In response, the debtor states that based upon well established case authority in the Ninth Circuit, any acts in violation of the automatic bankruptcy stay are void, not voidable. [*In re Gruntz*, 202 F.3rd 1074, 1081-1082 (9th Cir. 2000); *Hillis Motors, Inc. vs. Hawaii Auto*

*Dealers Ass'n.*, 997 F.2d 581, 586 (9th Cir. 1993); and *In re Schwartz*, 954 F.2d 569, 571-572 (9th Cir. 1992).

The debtor acknowledges that in some cases post-petition transfers of real property to a good faith purchaser ***without the knowledge of the bankruptcy filing*** may be excepted from the automatic stay. [See 11 U.S.C. 362(b)(24).] But in this case the debtor believes that purchaser, Karen Griggi, and her agent, had knowledge of the debtor's bankruptcy filing. [See declaration of counsel in support of this motion.] Moreover, 11 U.S.C. 362(b) (24) is expressly trumped by 11 U.S.C. 549(a)(2)(B) which states that the trustee may avoid any transfer of property of the estate that is not authorized by the court.

The real party in interest purchaser, Karen Griggi, has presented no arguments that would refute these points.

Dated: October 16, 2009      /s/ John G. Warner  
    John G. Warner  
    Attorney for the Debtor,  
    Gerard Q. Decker, IV

Debtor's *Supplemental* Memorandum of Points and Authorities in Support of Motion - 2